AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>VICTORIANO RUYAN<br><br>*Defendant(s)* | )<br>)<br>) Case No. 8:16MJ1798 MAP<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 8, 2016__ in the county of __Manatee__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Alien found in the United States without permission after deportation. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Erin N. Abreu, II, Special Agent, DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __12/8/16__

_____
Judge's signature

City and state: __Tampa, Florida__   MARK A. PIZZO, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Emir N. Abreu II, make the following statement under oath.

1. I am a Special Agent with Homeland Security Investigations (HSI), and have been so for 19 years. I am the case agent in the investigation of Victoriano RUYAN.

2. As a Special Agent, I have been personally involved in the investigation and prosecution of numerous violators of the immigration laws of the United States. I am a federal law enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is in support of a criminal complaint. The statements contained in this affidavit are based on my personal knowledge and that of others and on information gathered from computer databases. This affidavit does not contain every fact regarding the investigation. This affidavit documents the probable cause to charge RUYAN, with being found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(a).

## FACTS AND CIRCUMSTANCES

4. On December 8, 2016, at approximately 10:30 am, HSI agents encountered RUYAN inside a Winn-Dixie grocery store located at 5802 14th

St. W, Bradenton, FL 34207. HSI Agent Abreu called out RUYAN's complete name at which time he turned and responded to Agent Abreu by saying, "yes." Post *Miranda*, Agent Abreu asked RUYAN if he knew he wasn't allowed in the United States and RUYAN responded in the affirmative and also admitted to having been deported in the past. At this time, RUYAN requested a lawyer and no further questions were asked.

5. Documentation found in the Alien-file and computer queries identified the defendant as "Victoriano Ruyan-Juarez," born on April 3, 1981, a native and citizen of the Republic of Guatemala.

6. A finger-print search revealed that RUYAN has been convicted under Florida law for Obscene Communication, on or about April 29, 2014, (12th Judicial Circuit), and was sentenced to 11 months and 29 days' imprisonment, with an additional three years' probation. RUYAN was served with a notice of intent to issue a final administrative removal order on February 9, 2015. He was deported to Guatemala on or about Februarys 25, 2015. The Republic of Guatemala issued RUYAN an electronic travel document to facilitate his deportation proceeding.

8. No information exists, either in the Alien-file documents or the computer databases, that RUYAN had either requested or received permission from the Attorney General of the United States or from any immigration

official to reenter the United States after his deportation. Had such a request been made it would have been in his Alien file.

## CONCLUSION

9.   Based on the forgoing facts, I believe there is probable cause to establish that RUYAN is an illegal alien found to be voluntarily in the United States without having received the consent of the Secretary for the Department of Homeland Security to re-apply for admission after his deportation, in violation of 8 U.S.C. § 1326(a).

Further Affiant sayeth not.

_____
Emir N. Abreu II, Special Agent
Department of Homeland Security
Immigration and Customs Enforcement

Sworn to and subscribed before
me on this 8th day of December, 2016.

_____
Mark A. Pizzo
United States Magistrate Judge